## GIBSON v. UNITED STATES.*
### No. 8628.

Circuit Court of Appeals, Eighth Circuit.
Jan. 29, 1930.

J. Raymond Dyer, of St. Louis, Mo., for appellant.

Arthur A. Hapke, Asst. U. S. Atty., of St. Louis, Mo. (L. H. Breuer, U. S. Atty., of Rolla, Mo., on the brief), for the United States.

Before VAN VALKENBURGH and BOOTH, Circuit Judges, and DEWEY, District Judge.

BOOTH, Circuit Judge.

From a judgment convicting her of an unlawful possession of intoxicating liquor, defendant Marie Gibson has appealed.

The information, filed January 31, 1929, contained two counts. The first charged unlawful possession on June 29, 1928, at 4963 Page avenue, St. Louis, Mo.; the second charged an unlawful sale at the same time and place. On March 26, 1929, a plea of not guilty was entered as to each count. On

*Rehearing denied April 28, 1930.

March 28th, and before the day of trial, defendant filed a motion to suppress certain evidence. The motion papers alleged that on the day of defendant's arrest, federal prohibition agents found and seized at defendant's residence, 4963 Page avenue, 118 quarts of alleged home brew beer, and 14 ounces of alleged whisky; that the agents destroyed part of this beer and whisky, and carried away the rest. The motion papers further alleged that the arrest and seizure were illegal, because the seizure was neither made by virtue of a search warrant, nor after a misdemeanor committed in the presence of said officers, nor by due process of law; that defendant anticipated that the beer and whisky so seized would be used in evidence against her on the trial of the information. The prayer was that the evidence be suppressed.

The bill of exceptions states that after argument of counsel to the court said motion was overruled, to which ruling counsel for defendant excepted. From the brief of appellant, it appears that evidence was taken on the motion to suppress. This evidence has not been preserved in the bill of exceptions or otherwise.

On the trial defendant was found guilty on the possession count, not guilty on the sale count.

After conviction, and before sentence, defendant filed a motion in arrest of judgment, on the grounds: That the possession charged was in the residence of the defendant; that no search warrant was issued for search of defendant's residence; that no misdemeanor had been committed in the presence of the prohibition officers which would render the search and seizure made by them lawful, or the acquisition of evidence of possession through said search and seizure lawful; that the arrest of defendant on the ground of illegal sale was unwarranted, and evidence of possession obtained incident to the arrest was unlawfully acquired, since the jury had found there was no sale. This motion in arrest of judgment was denied.

Judgment was entered and the appeal followed.

In appellant's brief is the statement: "In taking this appeal the sole point raised is that in charging the jury as it did and in refusing to arrest judgment and discharge appellant, the court below improperly disregarded appellant's claims for her constitutional rights under the Fourth and Fifth Amendments to the Constitution of the United States."

614

And the specifications of error relied upon are:

"(1) That the lower court erred in charging the jury as follows: 'Gentlemen, you are to understand that the defendant is charged in the information on two counts. You may find defendant not guilty on both counts, or you may find defendant guilty on either count and not guilty on the other, or you may find defendant guilty on both counts.'

"(2) That the lower court erred in overruling appellant's motion in arrest of judgment and for discharge, which motion was duly filed and heard."

The vital point of appellant's contention is that the evidence obtained by the government through unlawful search and seizure was the sole basis of the verdict of guilty on the charge of unlawful possession.

We do not find it necessary to pass upon the question whether the search and seizure were necessarily unlawful merely because the jury subsequently found the defendant not guilty of the sale charged in the information. Nor can we properly do so. It appears that evidence was taken by the trial court on the hearing of the motion to suppress the evidence obtained by the search and seizure, on the ground that they were unlawful. The court denied the motion. For aught that appears, the court may have found that the entry upon the premises was lawful; that the search and seizure were legal and justified by reason of unlawful sales of intoxicating liquor by defendant in the presence of the prohibition officers other than the unlawful sale alleged in the information; or by reason of unlawful possession of intoxicating liquor by defendant in the presence of the prohibition officers other than the unlawful possession alleged in the information. The evidence taken on the motion is not in the record. We, therefore, cannot pass upon the question of the legality of the search and seizure.

The point is not urged that there was error in the admission of evidence. But appellant argues, "had the evidence pertaining to the sale—the sale itself and the unlawful possession of the liquor sold—been disregarded, there was nothing but evidence of the unlawful possession of liquor discovered by *illegal* search upon which the jury could base its finding. And the evidence pertaining to the sale should have been disregarded."

And again: "In the instant case there was no other legal evidence of appellant's unlawful possession of intoxicating· liquor other than that pleaded in support of the sale count. The record shows none and none was proffered at the trial. The evidence of the liquor seized and the evidence acquired by the search were illegal evidence."

If the record showed that there was no evidence on which to base a verdict of unlawful possession, except the evidence which was obtained by the search and seizure, and that the search and seizure were unlawful, the argument would deserve attention. But the record does not so show. There is a bill of exceptions contained in the record, but upon its face it does not purport to contain all the evidence given upon the trial, nor does the certificate of the judge attached thereto so state. For aught that appears, there may have been ample evidence on the trial to convict appellant of unlawful possession after eliminating all evidence which had been obtained by the alleged unlawful search and seizure.

The only way to determine whether there was such evidence would be to study the whole of the evidence given upon the trial. This we cannot do, for the reason that the evidence is not in the bill of exceptions. The point relied upon by appellant is therefore not available upon the record.

The judgment is accordingly affirmed.